IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAMELA CYRILIEN § | |
| § | |
| § | CIVIL ACTION NO. 4:21-CV-02523 |
| § | |
| VS. § | |
| § | |
| § | |
| TEXAS DEPRTMENT OF § | |
| CRIMINAL JUSTICE § | |

## **PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, PAMELA CYRILIEN, Plaintiff in the above entitled and numbered cause, complaining of and against TEXAS DEPARTMENT OF CRIMINAL JUSTICE, Defendant herein, and for cause of action would respectfully show unto the Court and Jury the following:

### A. PARTIES

1. Plaintiff is an individual who resides in Harris County, Texas.

2. Defendant, Texas Department of Criminal Justice, is a governmental unit in the State of Texas, as defined by the Texas Civil Practice and Remedies Code §101.101, and may be served with process by and through its attorney, Landon A. Wade, 300 W. 15th St. Austin, TX 78701.

### B. JURISDICTION AND VENUE

3. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331. This case stems from a violation of 42 U.S.C. § 12112(a) and/or § 504 of the Rehabilitation Act, which prohibit discrimination against individuals on the basis of disability. Furthermore, Defendant has waived its sovereign immunity pursuant to § 504 of the Rehabilitation Act and 42 U.S.C. § 2000d-7 because upon information and belief, the Texas Department of Criminal Justice receives and/or

1

directly benefits from federal financial assistance.

4.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), because the wrongful act or omission of Defendant occurred within this Judicial District.

## C.  FACTUAL ALLEGATIONS

5.      Plaintiff would show that this lawsuit has become necessary as a result of discrimination she endured while working at the Texas Department of Criminal Justice Pack Unit 1 located at 2400 Wallace Pack Road Navasota, Texas 77868. Plaintiff was an employee of Defendant when she was diagnosed with stage 2-A breast cancer on December 14, 2018. Plaintiff had to use personal days and vacation days to receive chemotherapy. She also had to use leave without pay because her ongoing chemotherapy prevented her from being able to stand for long periods of time, which is a duty her job required.

6.      During the period that Plaintiff was on leave without pay, Plaintiff spoke to Defendant's Human Resources and Departmental Headquarters in Huntsville, Texas and requested for a reasonable accommodation be made to her job when she returned to work in the form of light duty. Instead of assigning Plaintiff light duty, Defendant demanded that Plaintiff resume to her previous duties. Plaintiff was also told if she did not return to work after her leave-without-pay benefits expired and performed the same job duties as she did prior to her diagnosis, she would be fired.

7.      Despite Plaintiff's reasonable request to perform light duty, Defendant refused to make any such accommodation.  Instead, Defendant summarily fired her on March 19, 2020 after her leave without pay expired.

## D.  CLAIMS FOR RELIEF

### Disability Discrimination

8.      Plaintiff incorporates by reference and re-alleges paragraphs 1 through 7.

9. Defendant, by and through its agents and/or employees, engaged in a practice of disability discrimination against Plaintiff in violation of both Title 1 of the Americans with Disabilities Act ("ADA") and § 504 of the Rehabilitation Act, or in the alternative, in violation of just § 504 of the Rehabilitation Act. Title 1 of the ADA is violated when (1) an employee has a disability as defined by the ADA; (2) the employee has informed the employer of his or her condition and requested an accommodation; (3) there was a reasonable accommodation that the employer could make for the employee; and, (4) that the employer failed to provide such an accommodation. At the time of the incident made the basis of this suit, Defendant violated Title 1 of the ADA because:

   i. Plaintiff was diagnosed with breast cancer, a substantially limiting major life activity;
   ii. Plaintiff informed the Defendant of her diagnosis and respectfully requested an accommodation;
   iii. Defendant could have assigned Plaintiff to light-duty work or restructure Plaintiff's work schedule; however,
   iv. Plaintiff failed to provide Defendant with any sort of accommodation.

10. § 504 of the Rehabilitation Act states as follows in relevant part:

    No otherwise qualified individual with a disability in the United States…shall, solely by reason of her…disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance ….

29 U.S.C. § 794(a). Defendant violated § 504 of the Rehabilitation Act by excluding Plaintiff from working at her job and denying her the monetary compensation and other benefits associated with her employment at the Texas Department of Criminal Justice, which receives and/or benefits from federal financial assistance, solely on the basis of her cancer-based disability.

11. As a direct and proximate result of Defendant's discrimination against Plaintiff, she suffered and will continue to suffer extreme and severe mental anguish and emotional distress and a loss of past and future earnings, including wages, commissions, bonuses, benefits, promotions, and other compensations.

### E.  DAMAGES

12. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 11.

13. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff suffered the following damages:

    a. Loss of back pay, including wages, commissions, bonuses, benefits, promotions, and any other compensation;

    b. Loss of front pay, including wages, commissions, bonuses, benefits, promotions, and any other compensation;

    c. Mental anguish and emotional distress in the past, and in all reasonable medical probability, in the future; and

    d. Attorneys' fees, costs of court, and other litigation costs.

### F.  JURY DEMAND

14. Plaintiff demands a trial by jury.  A jury fee was paid contemporaneously with the filing of Plaintiff's Original Complaint.

### **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff, PAMELA CYRILIEN, prays that, after trial on the merits, she have judgment against Defendant, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, for the following:

   a. Actual damages;
   b. Front pay and back pay;
   c. Compensatory damages;
   d. Pre-judgment interest and post-judgment interest at the maximum legal rate;
   e. Costs of court;
   f. Punitive damages;
   g. Attorneys' fees; and
   h. Any and all further relief, be it general or special, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

KOLODNY LAW FIRM, PLLC

_____
Rashon Murrill
S. D. of Texas: 24056882
SBN: 24056882
Attorney In Charge
Alan Kolodny
SBN: 24056882
S. D. of Texas:  1267978
1011 Augusta Dr., Suite 111
Houston, Texas 77057
Telephone: (713) 532-4474
Facsimile: (713) 785-0597
Email: rmurrill@fko-law.com
Email: akolodny@fko-law.com

**ATTORNEYS FOR PLAINTIFF**
**PAMELA CYRILIEN**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served upon all counsel of record herein in accordance with the Texas Rules of Civil Procedure on October 6, 2021.

**Via ECF**
Landon Wade
SBN: 24098560
S. D. of Texas:  3503435
Office of the Attorney General
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Telephone: (512) 463-2080
Facsimile: (512) 469-3144
Email: landon.wade@oag.texas.gov

**ATTORNEY FOR DEFENDANT**
**TEXAS DEPARTMENT OF**
**CRIMINAL JUSTICE**

_____
Rashon Murrill

5