IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PAMELA CYRILIEN, §<br>*Plaintiff*, §<br> §<br>v. § CIVIL ACTION NO. 4:21-CV-02523<br> §<br>TEXAS DEPARTMENT OF §<br>CRIMINAL JUSTICE, §<br>*Defendant*. § | |

**DEFENDANT'S PARTIAL MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)**

TO THE HONORABLE JUDGE OF THE DISTRICT COURT:

Defendant the Texas Department of Criminal Justice ("TDCJ"), through the Office of the Attorney General, files this partial motion to dismiss pursuant to Rule 12(b)(1), respectfully asking the Court to dismiss one of Plaintiff's claims.

Plaintiff Pamela Cyrilien's Original Complaint alleged a single claim of employment discrimination under Title I of the Americans with Disabilities Act ("ADA"). Dkt. No. 1 at 3, ¶ 9. In response, TDCJ filed a motion to dismiss pursuant to Rule 12(b)(1) because it enjoys immunity from such claims. Dkt. No. 7. Plaintiff then filed her First Amended Complaint, bringing a new claim under section 504 the Rehabilitation Act. Dkt. No. 8 at 3, ¶ 10. She also reasserted her claim under Title I of the ADA. *Id.* at 3, ¶ 9. TDCJ files this partial motion to dismiss only as to Plaintiff's Title I claim as alleged in her First Amended Complaint.

TDCJ is an agency of the State of Texas, and the Constitution affords states sovereign immunity against suits. *Hans v. Louisiana*, 134 U.S. 1, 13 (1890).  This sovereign immunity is a jurisdictional roadblock. *Seminole Tribe of Fla. V. Florida*, 517 U.S. 44, 64 (1996). To establish jurisdiction, Plaintiff must invoke one of two exceptions to sovereign immunity by arguing either

Congress validly abrogated the State's sovereign immunity, or the State knowingly and plainly waived its sovereign immunity and consented to the suit. *See Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). Neither exception applies to Plaintiff's Title I claim. Consequently, TDCJ respectfully asks the Court to grant its motion to dismiss for lack of subject matter jurisdiction and dismiss Plaintiff's Title I claim.

## I. Standard of Review

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). When a court lacks the statutory or constitutional power to adjudicate a case, the case is properly dismissed for lack of subject-matter jurisdiction. *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States.*, 281 F.3d 158, 161 (5th Cir. 2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.* "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

## II. Arguments and Authorities

### A. The Eleventh Amendment and sovereign immunity generally

Often referred to as Eleventh Amendment immunity when asserted in federal court, the State's sovereign immunity is a jurisdictional bar to suit. *U.S. v. Tex. Tech. Univ.*, 171 F.3d 279, 285 (5th Cir. 1999) (citing U.S. CONST. amend. XI); *Alden v. Maine*, 527 U.S. 706, 713 (1999)

(describing the term). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment," regardless of the relief sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Absent a valid waiver of immunity by either Congress or the State of Texas, TDCJ is entitled to Eleventh Amendment immunity. *Aguilar*, 160 F.3d at 1054. With these well-established legal principles in mind, TDCJ respectfully asks the Court to dismiss Plaintiff's Title I ADA claim because it is jurisdictionally barred.

### B. Plaintiff's Title I ADA claim is jurisdictionally barred.

Plaintiff claims TDCJ discriminated against her in violation of Title 1 of the Americans with Disabilities Act. Dkt. No. 8 at 3, ¶ 9. In 2001, the Supreme Court held that Congress did not validly abrogate the States' Eleventh Amendment immunity when enacting Title I. *Garrett*, 531 U.S. at 365–74. The State of Texas has not waived its immunity from suit with respect to Title I of the ADA. *Perez*, 307 F.3d at 326, 332. Therefore, lacking a valid waiver by either Congress or the State of Texas, TDCJ is entitled to immunity for lawsuits brought against it under Title I of the ADA. *See Garrett*, 531 U.S. at 360; *Perez*, 307 F.3d at 326; *Shabazz v. Tex. Youth Com'n*, 300 F. Supp.2d 467, 472 (N.D. Tex. 2003). As such, TDCJ respectfully asks the Court to dismiss Plaintiff's Title I ADA claim for lack of subject-matter jurisdiction.

### III. Prayer

WHEREFORE, Defendant TDCJ respectfully asks the Court to grant its motion to dismiss for lack of subject-matter jurisdiction and dismiss Plaintiff's Title I ADA claim.

Respectfully submitted.

**KEN PAXTON**

Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Assistant Attorney General
Chief-Law Enforcement Defense Division

/s/ *Landon A. Wade*
**LANDON A. WADE**
Assistant Attorney General
Texas State Bar No. 24098560
Southern District No. 3503435

Law Enforcement Defense Division
Office of the Attorney General
P.O Box 12548, Capitol Station
Austin, Texas 78711-2548
landon.wade@oag.texas.gov
(512) 463-2080 / Fax (512) 469-3144

**ATTORNEYS FOR TDCJ**

NOTICE OF ELECTRONIC FILING

I, **Landon A. Wade**, Assistant Attorney General of Texas, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing, **Defendant's Partial Motion to Dismiss Pursuant to Rule 12(b)(1)** was filed in accordance with the Electronic Case Files System of the Southern District of Texas on October 27, 2021.

/s/ *Landon A. Wade*
**LANDON A. WADE**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **Landon A. Wade**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and forgoing, **Defendant's Partial Motion to Dismiss Pursuant to Rule 12(b)(1)**, was electronically served on all counsel of record on October 27, 2021.

*/s/ Landon A. Wade*
**LANDON A. WADE**
Assistant Attorney General